**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 06-cv-1492-LTB-BNB

BEVERLY ANDERSON,

    Plaintiff,

v.

BOARD OF COMMISSIONERS, COUNTY OF BOULDER,
BEN PEARLMAN, in his official capacity as a member of the Board,
TOM MAYER, in his official capacity as a member of the Board,
WILL TOOR, in his official capacity as a member of the Board,
BOULDER COUNTY SHERIFF'S DEPARTMENT,
JOSEPH PELLE, in his individual capacity,
JOSEPH PELLE, Boulder County Sheriff, in his official capacity, and
THOMAS SHOEMAKER, in his individual capacity,
THOMAS SHOEMAKER, Boulder County Undersheriff, in his official capacity,
DENNIS HOPPER, in his individual capacity,
DENNIS HOPPER, Captain, Boulder County Sheriff's Office, in his official capacity,
CITY OF BOULDER, including its Departments of Police and Fire, in their official capacity,
LARRY DONNER, in his individual capacity,
LARRY DONNER, Chief, City of Boulder Fire Department, in his official capacity,
MARK BECKNER, in his individual capacity, and
MARK BECKNER, Chief, City of Boulder Police Department, in his official capacity,

    Defendants.

___

**Order**
___

This Order addresses two motions pertaining to the claims of plaintiff Beverly Anderson ("Anderson") for gender discrimination, age discrimination and tortious interference with her employment contract. Defendants Larry Donner ("Donner") and Mark Beckner ("Beckner") in their individual capacities (referred to herein as "the City defendants") seek dismissal of Anderson's tort claim for failure to meet the notice requirements of the Colorado Government

Immunities Act ("CGIA"), Col. Rev. Stat. § 24-10-109. Defendants Joseph Pelle ("Pelle"), Thomas Shomaker ("Shomaker", erroneously identified in the complaint as Shoemaker) and Dennis Hopper ("Hopper") in their individual capacities (referred to herein as "the County defendants") seek dismissal of Anderson's claims against the Boulder County Sheriff's Department as an improper party, and of Anderson's tort claim for failure to meet the pleading requirements of the CGIA. For the reasons stated below, the City defendants' motion is DENIED and the County defendants' motion is GRANTED.

## I. BACKGROUND

Anderson is a white female, born in 1962, who has since the late 1980s been an employee at the Office of Emergency Management ("OEM"), an inter-jurisdictional disaster relief agency created by agreement between the City of Boulder ("City") and the County of Boulder ("County").  During her tenure at OEM Anderson has never been disciplined and has always received satisfactory or better employment appraisals.  Anderson alleges that defendants have engaged in numerous discriminatory acts against her, including giving her an inaccurate desk audit in 2001, giving her a lower than customary pay increase accompanying a position upgrade in 2002, failing to promote her to Assistant Director in 2001, and not selecting her as OEM Director in 2005. Anderson also alleges that Defendants Donner, Beckner and Pelle undertook specific steps to prevent her from being selected as OEM Director, including changing and manipulating the selection process, preventing other employees from writing letters of reference for her, and investigating her background with unnecessary intensity in an effort to find an excuse to find her ineligible for the position. Anderson alleges as well that since her non-selection in 2005 Pelle has falsely accused her of insubordination, placed her under greater than normal scrutiny and falsely

stated that she was trying to undermine or sabotage the new OEM Director.

Anderson alleges that the defendants committed these acts because she is a woman and over forty, and treated male workers younger than forty differently. Anderson makes claims for gender discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq.*, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and interference with contractual relations, a state law tort claim.

The City defendants move to dismiss Anderson's tort claim for failure to comply with the notice requirements of the CGIA, §24-10-109(3). Separately, the County defendants move to dismiss Anderson's tort claim for failure to meet the pleading requirements of the CGIA, §24-10-110. (The tort claim is Anderson's only claim against the City and County defendants in their individual capacities.) The County defendants also move to dismiss claims against the Boulder County Sheriff's Office as an inappropriate party to this law suit.

## II.  DISCUSSION

A.  <u>Motion to Dismiss for Lack of Compliance with CGIA Notice Requirements</u>

The City defendants move to dismiss Anderson's tort claim for inadequate notice under the CGIA. Col. Rev. Stat. § 24-10-109(3) requires that notice of a claim against a public entity other than a state or a state employee "shall be filed with the governing body of the public entity or the attorney representing the public entity." The record shows that on May 23, 2005 Anderson provided, by certified mail, a Notice of Intent ("NOI") to sue to "the City of Boulder, Fire and Police Departments, 1805 33rd Street, Boulder, CO 80301," and to "Chief Larry Donner" and "Chief Mark Beckner" at that same address. The NOI was not addressed to the Boulder City

Council or to the Boulder City Attorney. On its face, this notice does not meet the formal requirements of § 24-10-109(3).

The relevant standard in applying § 24-10-109(3) is "substantial compliance," not "strict compliance." *Finnie v. Jefferson County School Dist. R-1,* 79 P.3d 1253, 1258 (Colo. 2003). Failure to meet one or more of the requirements of Section 109 is not necessarily fatal to a claim, as Courts must evaluate the facts of each case individually to ascertain substantial compliance. *See Id.* Courts must consider principles of equity, whether the notice was provided to an agent of the proper party, whether the agency misled the claimant as to where to file and whether the notice provided actually satisfied the underlying purposes of the statute. *Id.* These underlying purposes include "avoiding prejudice to the governmental entity, encouraging settlement and providing public entities the opportunity to investigate claims, remedy conditions and prepare defense of claims." *Id.* at 1258.

In at least one instance, Colorado courts have concluded that the CGIA is satisfied if the proper party received adequate notice of the NOI, even if that party was not officially served by the complainant. *Cassidy v. Reider*, 851 P.2d 286 (Colo. Ct. App. 1993). In *Cassidy*, the Court concluded that the plaintiff achieved "substantial compliance" because the appropriate party did receive the NOI (even if it was by "fortuitous circumstance" rather than directly from the complainant) and because the public entity was not "adversely affected in its ability to defend against the claim by the reason of any omission or error in the notice." *Id.* at 288-289, quoting *Woodsmall v. Regional Transportation District*, 800 P.2d 63, 69 (Colo. 1990.)

Unlike in *Cassidy,* the record here provides insufficient information to evaluate these factors and determine whether there has been substantial compliance. The record does not

address whether the agency misled Anderson as to where to file, whether the City employees who received the NOI were proper agents to receive service or legal notices, or when the City actually became aware of the NOI. The City defendants' motion contains no affidavits from the City Council or from the City Attorney stating when they actually received the NOI. Similarly, there are no affidavits addressing the issue of whether or to what extent the City of Boulder has been adversely affected in its ability to defend against the claim. On this motion to dismiss, there is an insufficient factual record to resolve this issue of immunity.

When a trial court needs to make a fact finding to resolve an immunity issue under the CGIA, the proper course is to hold an evidentiary hearing. *Finnie,* 79 P.3d at 1258. An evidentiary hearing is mandatory where facts are directly disputed, and it is within a trial court's discretion to "develop facts relating to immunity issues when such facts are not directly disputed." *Id.* at 1260. I find and conclude that an evidentiary hearing is necessary to resolve the specific question of whether Anderson substantially complied with §109(3). Pending this hearing and this Court's ruling on this jurisdictional issue, discovery in this case is suspended except for discovery necessary to resolve this issue. Col. Rev. Stat. § 24-10-108. The evidence relevant to this hearing is evidence that addresses: 1) issues of an agency relationship between the proper parties under §109(3) and the parties who actually received the notice, 2) any equitable basis for waiving the requirements of §109(3), for example whether the City defendants in any way misled Anderson, 3) whether the appropriate parties received notice even though Anderson did not send it to them directly, and 4) whether the absence of proper notice in any way prejudiced the City by preventing the City from encouraging settlement, investigating the claim, remedying the conditions or preparing a proper defense.

B.   <u>Motion to Dismiss Claims Against Boulder County Sheriff's office.</u>

The County defendants, citing *Stump v. Gates,* 777 F. Supp. 808, 814-816 (D. Colo. 1991), move to dismiss all claims against the Boulder County Sheriff's office because the Sheriff's Office is not a governmental entity separate from Boulder County, and is therefore not a proper party to this suit. Anderson appears to agree that her claims against the Boulder County Sheriff's office should be brought against Boulder County, already a party to this suit, and that the Boulder County Sheriff's Office should be dismissed as a separate party. The caption will be appropriately amended to delete the Boulder County Sheriff's office as a party to this case.

C.   <u>Motion to Dismiss Tort Claim for Failure to Comply with CGIA Pleading Requirements</u>

The County defendants move to dismiss Anderson's tort claim against them for failure to state a claim. The County defendants appear to argue both that Anderson's complaint fails to allege the elements necessary to sustain a claim for intentional interference with contract and that Anderson has not met the heightened pleading requirements of the CGIA. I will consider both of these arguments.

Under the liberal pleading requirements of Fed R. Civ. P. 8(a) a plaintiff need only make "a short and plain statement of the claim." The statement need not contain detailed facts, but it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). I grant a motion to dismiss for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46.  Also, in ruling on a motion to dismiss for failure to state a claim I construe the complaint "in the light most favorable to the plaintiff" and consider all of the allegations to be true. *Daigle v. Shell Oil Co.,* 972 F. 2d 1527, 1533 (10th Cir.

6

1992).

"To be liable for intentional interference with contract, a defendant must 1) be aware of a contract between two parties, 2) intend that one of the parties breach the contract; 3) and induce the party to breach or make it impossible for the party to perform the contract." *Krystkowiak v. W. O. Brisben Companies, Inc.,* 90 P.3d 859, 871 (Colo. 2004). Also, "the defendant must have acted improperly in causing the result." *Id.*

Anderson's complaint alleges that the she had an employment contract with the County, that the County defendants knew or should have known about this contract, and that the County defendants took specific actions to prevent her from being promoted, which included manipulating the hiring process, not giving her an interview, preventing other people from writing letters on her behalf and subjecting her to multiple unnecessary background checks. Anderson also alleges that she was subject to false accusations of insubordination. Moreover, she alleges that the County defendants' conduct was improper because their justification for their failure to promote her was pretext for discrimination on the basis of gender and age. Anderson claims that as a result of these actions, she has suffered "severe emotional distress, mental anguish, pain and physical suffering, and psychological damage, and other non-pecuniary damages."

The County defendants contend that Anderson does not state a claim for interference with contract because she alleges no specific facts showing the existence of a contract, the terms of the contract, the defendants' interference with contract or any improper conduct by the defendants. However, the liberal pleading rules of 8(a) do not require Anderson to allege the specific facts the County defendants assert is lacking. I cannot say at this stage of the proceeding that Anderson can prove no set of facts that will prove her claim. Her complaint is sufficient under Rule 8(a).

However, to defeat this motion to dismiss, Anderson must also satisfy the heightened pleading requirements of the CGIA.  The CGIA provides immunity to public employees for tort claims, unless the tort claim alleges willful and wanton conduct. Col. Rev. Stat. § 24-10-118(2)(a). A plaintiff alleging willful and wanton conduct against a public employee must state in her complaint  "the specific factual basis for such allegations," Col. Rev. Stat. § 24-10-110(5)(a), or else be subject to "dismissal for failure to state a claim upon which relief can be granted." § 24-10-110(5)(b). A claim for willful and wanton conduct must state more than "conclusory allegations;" a plaintiff must "set forth in his complaint specific facts which support his claim that public employees acted willfully and wantonly." *Wilson v. Meyer,* 126 P.3d 276, 281-282 (Colo. Ct. App. 2005). While the CGIA does not define willful and wanton conduct, the Colorado Supreme Court has defined willful and wanton conduct for purposes of CGIA immunity to mean "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to the consequences, or of the rights and safety of others, particularly the plaintiff." *Moody v. Ungerer,* 885 P.2d 200, 205 (Colo. 1994) [quoting Col. Rev. Stat. § 13-21-102(1)(b)].

Anderson's complaint fails to allege that the County defendants took action which they knew was dangerous or without regard to the rights and safety of others. The complaint alleges, at most, that the County defendants took actions to deny Anderson promotions and selections for more senior positions.  Anderson does not allege that the County defendants knew or intended that denying her a promotion, or warning her not to be insubordinate, would cause Anderson the "severe emotional distress, mental anguish, pain and physical suffering and psychological damage" she claims she suffered. Absent a well-pled allegation that the County defendants knew or

intended that their actions would cause the alleged harm, Anderson has not met the pleading requirements of the CGIA, and her claim for interference with contract fails.

It is so Ordered that,

1) The City defendants' motion to dismiss (Docket 24) is DENIED, and an evidentiary hearing will be set to address the issue of immunity raised in that motion, and discovery in this case is suspended except for discovery related to resolution of this issue.

2) The County defendants' motion to dismiss (Docket 26) is GRANTED, in that

a) all claims against the Boulder County Sheriff's office are DISMISSED; and

b) all claims against defendants Pelle, Shomaker and Beckner in their individual capacities are DISMISSED.

**DONE and ORDERED,** this 9th day of November, 2006 at Denver, Colorado.

                                                              s/Lewis T. Babcock
                                                  United States District Chief Judge