IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 06-cv-1492-LTB-BNB

BEVERLY ANDERSON,

      Plaintiff,

v.

BOARD OF COMMISSIONERS, COUNTY OF BOULDER,
BEN PEARLMAN, in his official capacity as a member of the Board,
TOM MAYER, in his official capacity as a member of the Board,
WILL TOOR, in his official capacity as a member of the Board,
JOSEPH PELLE, Boulder County Sheriff, in his official capacity, and
THOMAS SHOMAKER, Boulder County Undersheriff, in his official capacity,
DENNIS HOPPER, Captain, Boulder County Sheriff's Office, in his official capacity,
CITY OF BOULDER, including its Departments of Police and Fire, in their official capacity,
LARRY DONNER, in his individual capacity,
LARRY DONNER, Chief, City of Boulder Fire Department, in his official capacity,
MARK BECKNER, in his individual capacity, and
MARK BECKNER, Chief, City of Boulder Police Department, in his official capacity,

      Defendants.

_____

ORDER
_____

The plaintiff, Beverly Anderson, asserts claims of gender discrimination, age

discrimination and tortious interference with her employment contract.  In my Amended Order of

November 17, 2006, I dismissed the claims against Joseph Pelle, Thomas Shomaker and Dennis

Hopper in their individual capacities ("County Defendants") on the ground that Ms. Anderson

failed to alleged wilful and wanton conduct, as the Colorado Government Immunities Act

("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.*, requires.  I dismissed all claims against the

Boulder County Sheriff's Office as duplicative of claims against Boulder County, of which the

Boulder County Sheriff's Office is a division.  Finally, I determined that a factual dispute prevented resolution of the question whether Larry Donner and Mark Beckner enjoy immunity under the CGIA and I subsequently set an evidentiary hearing to resolve the issue.

On December 1, 2006, Messrs. Donner and Beckner ("City Defendants") moved for dismissal of the tortious interference with contract claim, which is asserted against them in their individual capacities, on the ground that Ms. Anderson has failed to allege against them wilful and wanton conduct.  Additionally, the Boulder Fire and Police Departments moved for dismissal of the claims against them as duplicative of the claims against the City of Boulder.  On December 12, 2006, Ms. Anderson filed an Amended Complaint, which did not materially deviate from the original complaint in its allegations pertinent to the present motion.

Fed. R. Civ. P. 12(g) provides,

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party.  If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

The City Defendants' defenses stated here were available to them when they filed their first motion to dismiss, and thus cannot be asserted at this time.  *Mayfield v. Hayden*, 1991 WL 268845, \*2 (10th Cir. 1991) (unpublished).  Furthermore, Messrs. Donner and Beckner have not yet filed an answer to Ms. Anderson's Amended Complaint.  Therefore, their current motion cannot be construed as a motion for judgment on the pleadings pursuant to Rule 12(c), which may, pursuant to Rule 12(h)(2), include a defense of failure to state a claim upon which relief can be granted.

Accordingly, the City Defendants' motion to dismiss [48] is DENIED.


Dated: March __5th__, 2007, in Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge